

FILED

Margaret Botkins
Clerk of Court

10:10 am, 9/18/24

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ANDY READY,<br><br>      Plaintiff,<br><br>vs.<br><br>THE NATRONA COUNTY SCHOOL DISTRICT NO. 1; THE NATRONA COUNTY SCHOOL DISTRICT NO. 1 BOARD OF TRUSTEES; MICHAEL JENNINGS, VERBA ECHOLS, ANGELA HENSLEY, and AMY ROSE, in their personal capacities; JOHN AND JANE DOES, in their personal and official capacities as District Employees,<br><br>      Defendants. | Case No. 23-CV-71-KHR |

**ORDER DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT [45, 51] AND GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [69]**

This matter comes before the court on cross-motions for summary judgment. Plaintiff filed two separate Motions. [ECF Nos. 45 and 51]. Defendants filed their response and their own Motion for Partial Summary Judgment. [ECF No. 69]. The Court, being fully advised by the Parties' submissions and the hearing on September 13, 2024, denies both of Plaintiff's Motions and grants Defendants'.

**BACKGROUND**

This suit arises out of an alleged unlawful termination. Plaintiff Andy Ready was employed by the Natrona County School District as a Student Advocate beginning in

2010. In February 2022, he was called to assist with an unruly student who refused to leave the classroom at the teacher's request. When the student initially refused to leave with Mr. Ready, he grabbed and pulled the student out of the classroom and down the hall before the student began to walk to the principal's office on his own. Mr. Ready was subsequently placed on administrative leave pending an investigation into the incident. At the end of that investigation, Mr. Ready was called into a meeting with District employees, who informed him that his employment would be terminated.

Plaintiff argues that he was entitled to pre- and post-disciplinary due process under the 14th Amendment and his contract with the school. Plaintiff concedes that his Individual Contract with the School District identifies him as a "classified at-will employee." He argues, however, that the Classified Professional Work Agreement ("CPWA"), which is a collective bargaining agreement negotiated on behalf of "classified" employees, is incorporated into his contract and confers due process rights. He points specifically to Article 27 of the CPWA, which "assists the employer and employee in understanding the employee's due process rights." [ECF No. 46, at 10]. Article 27 provides:

> In the event a material allegation or report of unsatisfactory performance and/or unacceptable conduct is made against an employee, the employee has the right to be told the nature and sufficient details of the allegation so that the employee may explain his/her side of the story. The employee shall also be given the opportunity to present exculpatory evidence…and to provide the names of witnesses whom the employee believes may provide exculpatory information.

[ECF No. 46-2, at 33]. The CPWA also states that "All District Classified Personnel are and remain 'at will' employees…who may be released from the District's employment at

any time, with or without cause. Nothing herein shall change the classified employee's 'at will employment status." Mr. Ready argues that the only way to read the Individual Contract and the CPWA consistently is that they allow at-will termination "for any lawful reason that demonstrates sufficient cause."

In his second Motion for Summary Judgment, Plaintiff claims that any process he did receive was constitutionally inadequate. [ECF No. 52]. Plaintiff argues that his pre-disciplinary procedural due process was inadequate because Defendants failed to provide him with the critical adverse evidence and a statement of the charges, and that he did not have the opportunity to present his own evidence. He further argues that the District had already made the decision to terminate him before the pre-termination meeting. Plaintiff asks for a final judgment and nominal damages.

Defendants respond and move for summary judgment on the grounds that Plaintiff had no protected interest or right to procedural due process. Defendants argue that the CPWA merely provided guidelines and suggestions for disciplinary procedures and point to the fact that it contained numerous obvious disclaimers that it was not meant to alter employees at-will status. Plaintiff also received annual communications that he was an at-will employee and his employment could be terminated at any time.

Defendants further argue that even if Plaintiff did have a property interest, he received appropriate process. Defendants contend that due process simply requires that the employee receive notice and an opportunity to present their side of the story, both of which Mr. Ready received. After the District placed Mr. Ready on administrative leave, they sent him a letter informing him of the investigation, interviewed him, requested a

statement describing his version of events, and reviewed that statement with him. [ECF No. 64, Exhibits C, E, and F.]

## RELEVANT LAW

Rule 56 of the Federal Rules of Civil Procedure provides a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." A fact is material if it is necessary to determine the outcome of the case. *Roberts v. Jackson Hole Mountain Resort Corporation*, 884 F.3d 967, 972 (10th Cir. 2018). A dispute is genuine if evidence exists that it may lead a reasonable trier of fact to return a verdict for the non-moving party. *Olivero v. Trek Bicycle Corporation*, 291 F. Supp. 3d 1209, 1218 (D. Colo. 2017). When determining whether a genuine dispute of material fact exists, a court will draw all favorable inferences of factual ambiguities in favor of the non-movant. *Morlock v. United Parcel Service, Inc.*, No. 08-CV-44, 2008 WL 11411456, at *2 (D. Wyo. Oct. 9, 2008).

If a movant meets their burden in showing that no genuine dispute exists, the non-movant must submit sufficient evidence in specific factual form showing that a dispute does exist. *Id.* This requires more than a scintilla of evidence—providing more than mere assertions and conjecture. *Brennan v. Jackson Hole Snowmobile Tours, Inc.*, No. 08-CV-265, 2009 WL 10700292, at * 2 (D. Wyo. Aug. 4, 2009). "[S]ummary judgment is appropriate when the non-movant is unable to present facts on which a reasonable jury could find in his or her favor." *Id.* In sum, summary judgment is an opportunity to

determine the legal sufficiency of a claim to proceed to trial, not to balance or weigh factual disputes.

### RULING OF THE COURT

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the ... Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (quotations omitted). "To determine whether a plaintiff was denied procedural due process, [the Court must] engage in a two-step inquiry: (1) Did the individual possess a protected interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of process?" *Roberts v. Winder*, 16 F.4th 1367, 1376 (10th Cir. 2021) (quoting *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998)).

"The standard for the existence of a property right in employment is whether the plaintiff has a legitimate expectation of continued employment." *Hennigh*, 155 F.3d at 1253 (citing *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). The Tenth Circuit has held that "if state statutes or regulations place substantive restrictions on a government actor's ability to make personnel decisions, then the employee has a protected property interest." *Id.* (citing *Campbell v. Mercer*, 926 F.2d 990, 993 (10th Cir. 1991)). So, "if the statute or regulation places substantive restrictions on the discretion to demote an employee, such as providing that discipline may only be imposed for cause, then a property interest is created." *Roberts*, 16 F.4th at 1376 (quoting *Hennigh*, 155 F.3d at 1254). However, "[p]rocedural detail in a statute or regulation,

5

standing alone, is not sufficient to establish a protected property interest in an employment benefit." *Id.* (quoting *Hennigh*, 155 F.3d at 1254). "At-will employees lack a property interest in continued employment." *Coleman v. Utah State Charter Sch. Bd.*, 673 F. App'x 822, 828 (10th Cir. 2016) (citing *Darr v. Town of Telluride*, 495 F.3d 1243, 1252 (10th Cir. 2007)).

Plaintiff did not have a property interest in future employment. "A legitimate claim of entitlement to continued public employment arises only when there are substantive restrictions on the ability of the employer to terminate the employee" such as a statute "specify[ing] the grounds on which an employee may be discharged, or restricts the reasons for discharge to 'just cause shown.'" *Kingsford v. Salt Lake City School Dist.*, 247 F.3d 1123, 1129 (10th Cir. 2001) (explaining that "procedural protections alone do not create a claim of entitlement to public employment").

Plaintiff concedes that the references in Article 27 are entirely procedural, but argues that, in order to give those procedures effect, the Court must read in a substantive good-cause standard for termination. Plaintiff's argument rests on the supposed discord between those procedural rights and the myriad sections of the CPWA that disclaim any change to classified employees' at-will status, which would supposedly rob the rights provisions of their intended effect. However, the explicit terms of the CPWA already give Article 26 its intended effect as granting rights that, if violated, can be enforced via a grievance filed under Article 27. The grievance enforcement mechanism therefore harmonizes the rights in Article 26 with the disclaimers, making the contract unambiguous on its face. The text of the CPWA does not provide for any kind of

6

substantive right that would create a property interest under the 14th Amendment. The Court sees no reason to read in such a right in light of the clear, unambiguous text of the agreement.

In order to dispose of the disclaimers, Plaintiff appeals frequently to the canon of construction that the general should yield to the specific, in that the broad disclaimers should be defeated by the particular rights discussed in Article 26. This is erroneous for two reasons. The first is that canons of construction are used where the drafter's intent is unclear. Here, there is no ambiguity. It is clear that the District meant to provide its employees with certain procedural protections while not altering their at-will status. The second is that even if there were ambiguity and it were appropriate to turn to canons, there is a specific provision that says Article 27 itself merely offers guidelines and does not change the employee's at-will status. [ECF No. 64-4, at 34].

As to any argument that the repeated one-year employment agreements created a right to future employment, there is nothing in those agreements that would rebut the at-will presumption. The Court agrees with Defendant that *Kuhl v. Wells Fargo Bank* forecloses Plaintiff's position. 281 P.3d 716 (Wyo. 2012). In *Kuhl*, the plaintiff argued that a letter from his employer that discussed his bonus for a certain calendar year guaranteed employment for that year. The Wyoming Supreme Court disagreed on the grounds that letter did not specify a period of time and, "moreover", that the letter unequivocally expressed the employer's intent that the plaintiff remain an at-will employee. *Id.* at 723. While the agreements in the present case come closer to discussing a time frame than the letter in *Kuhl* (as they make reference to the relevant academic

7

years), the essential thrust of *Kuhl* is that the at-will presumption should not be ignored where the parties clearly do not intend to alter it. Here, each agreement states multiple times that Mr. Ready is an at-will employee. Therefore, this Court follows the plain language of those agreements.

## CONCLUSION

In finding that the neither the CPWA, nor the Individual Contract, nor any other written materials created a property interest, the Court does not reach the issue of adequacy of due process. The Court therefore denies both of Plaintiff's Motions for Summary Judgment and grants Defendant's. Claims 3 and 4 of the Amended Complaint are dismissed.

NOW, THEREFORE, IT IS ORDERED Plaintiff's Motion for Summary Judgment on the Entitlement to Procedural Due Process and Motion for Summary Judgment on the Adequacy of Due Process are DENIED.

IT IS FURTHER ORDERED Defendant's Motion for Partial Summary Judgment is GRANTED. Claims 3 and 4 are dismissed.

Dated this 18th day of September, 2024.

_____
Kelly H. Rankin
United States District Judge